IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BARNETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-402-GPM |
| | ) |
| AMEREN CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on a Bill of Costs submitted by Defendants, in which they seek court reporter and transcript fees in the amount of $9,143.51.[1] Plaintiffs do not oppose any specific items included in the Bill of Costs but, rather, ask the Court to deny imposition of costs because (1) Plaintiffs acted in good faith in pursuing this lawsuit; (2) Plaintiffs were motivated to bring this action by their genuine belief in its merits; and (3) the imposition of costs would place an unreasonable financial hardship on Plaintiffs, who are retirees living on fixed incomes whose health insurance premiums have increased (Doc. 139).

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "[e]xcept when express provision therefor is made either in a statute … or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs…. Such costs

---

[1] Curiously, Defendants' counsel's affidavit states that the amount of court reporter fees is $9,244.31. The Court will refer to the amount contained in the Bill of Costs, which is supported by the Court Reporter Cost Log and Invoices attached to the Bill of Costs as Attachment A.

may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."  Local Rule of the United States District Court for the Southern District of Illinois 54.2 further governs the taxation of costs in this district.

Federal Rule of Civil Procedure 54(d) establishes a presumption that the prevailing party is entitled to costs.  *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).  In light of this "strong presumption," the district court's discretion is "narrowly confined."  *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997), *citing Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988).  The Seventh Circuit Court of Appeals has recognized "only two situations in which the denial of costs might be warranted:  the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent."  *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *accord Contreras*, 119 F.3d at 1295.

Plaintiffs have not made any showing of indigency in this case.  Moreover, Plaintiffs' arguments that they pursued their case in good faith and they believed that it had merit are insufficient to avoid costs.  *See Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985) ("More than just a showing of good faith is necessary to immunize the losing party from paying costs."); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982) ("That plaintiff's case was reasonable or even close is plainly not enough in itself.").  Notably, in affirming this Court's judgment entered in favor of Defendants, the Seventh Circuit Court of Appeals awarded costs to Defendants on appeal (*see* Doc. 140).

The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are allowed to interpret the meaning of the phrases used in that section.  *Cengr v. Fusibond Piping Sys.,*

*Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. After a district court determines that the requested costs are statutorily recoverable under § 1920, the court must then determine whether such costs were both reasonable and necessary. *Cengr*, 135 F.3d at 454. The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial. *Id.* at 455. As stated above, Defendants seeks costs for court reporter and transcript fees, and Plaintiffs do not object to their availability or reasonableness.

Plaintiffs do not claim that they are actually indigent and unable to pay the costs sought. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Moreover, it is clear that the court reporter and transcript fees sought by Defendants are recoverable costs under § 1920, and Plaintiffs do not contest that they were reasonably necessary to Defendants' case at the time they were incurred. Accordingly, Defendants' Bill of Costs (Doc. 137) is **GRANTED**. Costs in the amount of **$9,143.51** are taxed in favor of Defendants and against Plaintiffs.

    **IT IS SO ORDERED.**

    DATED: 06/19/06

                                              s/ G. Patrick Murphy  
                                              G. PATRICK MURPHY  
                                              Chief United States District Judge